# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DESHAUNTA BATRICE CARROLL,** } | |
| } | |
| **Plaintiff,** } | |
| } | **Case No.: 2:21-cv-00240-ACA** |
| v. } | |
| } | |
| **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

Plaintiff Deshaunta Batrice Carroll appeals the Social Security Commissioner's denial of her claims for a period of disability, disability insurance benefits, and supplemental security income. Based on the court's review of the administrative record, Ms. Carroll's complaint[1], and the Commissioner's brief, the court **WILL AFFIRM** the Commissioner's decision.

---

[1] Ms. Carroll is representing herself. The court does not require briefs from *pro se* parties in social security appeals. (Doc. 10, stating "[u]nless the plaintiff is proceeding without counsel, initial briefs are required of all parties").

## I.  PROCEDURAL HISTORY

Ms. Carroll applied for a period of disability, disability insurance benefits, and supplemental security income on July 19, 2019, alleging that her disability began on August 12, 2016.  (R. at 11, 74, 75).  The Commissioner initially denied the claims (*id.* at 106–111, 113–117), and Ms. Carroll requested a hearing before an administrative law judge ("ALJ") (*id.* at 130–131).  After holding a hearing (r. at 28–49), the ALJ issued an unfavorable decision (*id.* at 8–27).  The Appeals Council declined Ms. Carroll's request for review (*id.* at 1–5), making the Commissioner's decision ripe for the court's judicial review.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.  STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted).  "Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quotation marks omitted).  The court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]."  *Winschel*, 631 F.3d at 1178 (quotation marks omitted).  The court must affirm

"[e]ven if the evidence preponderates against the Commissioner's findings." *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted).

Despite the deferential standard for review of claims, the court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Henry*, 802 F.3d at 1267 (quotation marks omitted). Moreover, the court must reverse the Commissioner's decision if the ALJ does not apply the correct legal standards. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991).

## III. ALJ'S DECISION

To determine whether an individual is disabled, an ALJ follows a five-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

In this case, the ALJ found that Ms. Carroll had not engaged in any substantial gainful activity since her alleged onset date of August 12, 2016. (R. at 14). The

ALJ determined that Ms. Carroll's peripheral neuropathy and obesity were severe impairments but that her diabetes mellitus, hypertension, status-post upper right extremity fractur and repair, and depression were non-severe impairments. (*Id.* at 14–15). The ALJ concluded that Ms. Carroll did not have any impairment or combination of impairments that met or equaled the severity of a listed impairment in 20 C.F.R. § 404, Subpart P, Appendix 1. (*Id.* at 17).

Upon consideration of the entire record, the ALJ determined that Ms. Carroll possessed the residual functional capacity to perform a reduced range of light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b), with a number of exertional, postural, and environmental limitations. (R. at 17). Based on this residual functional capacity and the testimony of a vocational expert, the ALJ found that Ms. Carroll was unable to perform his past relevant work but that other jobs exist in significant numbers in the national economy that Ms. Carroll can perform, including small products assembler, product marker, and cashier II. (*Id.* at 20–21). Accordingly, the ALJ determined that Ms. Carroll was not disabled, as defined by the Social Security Act, from August 12, 2016 through the date of the decision. (*Id.* at 26).

**IV.   DISCUSSION**

In her complaint, Ms. Carroll argues that the ALJ's decision is not supported by substantial evidence for two reasons. First, she complains that her doctors have not been documenting her records properly concerning the nerve damage in her arm.

(Doc. 1 at 4–5).  Second, she claims doctors have told her that her arm will never get better, and she states that she is in pain every day and that there is "no way" she could work due to her arm pain.  (*Id.* at 5).

Ms. Carroll's contention that doctors have not properly documented records related to nerve damage in her arm is not appropriate for the court's review. During her administrative hearing, the ALJ informed Ms. Carroll that he would mark all of the medical evidence as exhibits, and Ms. Carroll twice responded that she had no objection to that information.  (R. at 31–32).  The court cannot review the Commissioner's decision based on evidence or information that is outside of the administrative record.  *See* 42. U.S.C. §§ 405(g), 1383(c)(3); *see also Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1267–68 (11th Cir. 2007) (explaining that for purposes of a sentence four remand, "a reviewing court is limited to the certified administrative record in examining the evidence") (quotations omitted).

The court construes Ms. Carroll's second argument as challenging the ALJ's evaluation of her complaints of pain associated with her neuropathy.

Under Eleventh Circuit precedent, a claimant attempting to establish disability through testimony of pain or other subjective symptoms must show evidence of an underlying medical condition and either (1) "objective medical evidence that confirms the severity of the alleged pain arising from that condition" or (2) "that the objectively determined medical condition is of such a severity that it can be

reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation marks omitted). If the ALJ finds a claimant's statements about her symptoms are not credible, the ALJ must "provide[ ] a detailed factual basis for [the] credibility determination," which substantial evidence must support. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

The ALJ found that Ms. Carroll had underlying medical conditions, including peripheral neuropathy. (R. at 18). Next, the ALJ acknowledged Ms. Carroll's hearing testimony and found that her medically determinable impairments "could reasonably be expected to cause some symptoms and functional limitations" but that her "statements about the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*). Substantial evidence supports the ALJ's determination.

The ALJ reviewed medical records documenting Ms. Carroll's complaints of pain, numbness, and tingling. (R. at 18). He then explained that some of Ms. Carroll's medical examinations support her complaints of disabling pain as those examinations "have noted decreased upper extremity range of motion, edema of her upper extremities, swelling in her lower extremities, tenderness to palpation of her upper and lower extremities, decreased range of motion of her lower extremities, and height and weight combinations that place her body mass index in the obese range." (R. at 18; *see also id.* at 316, 365, 405, 409, 458, 477). However, the ALJ

considered other treatment notes that document "no edema, normal musculoskeletal range of motion, normal musculoskeletal system strength, normal grip strength, normal range of motion of her fingers, no muscle atrophy, and ambulation with a normal gait." (*Id.* at 19; *see also* r. at 342, 368, 409, 454, 458, 460, 477).

The ALJ also found that Ms. Carroll's complaints of arm pain were inconsistent with reports that she cared for her children, prepared meals, and performed home exercise therapy. (R. at 19, citing *id.* at 223–227). And the ALJ explained that although Ms. Carroll had not engaged in substantial gainful activity as that term is defined in the Social Security Act since her alleged onset date, she did report some earnings in 2016, 2017, and 2018 which indicates that she is not limited as she claims. (*Id.* at 14, 19; *see also* r. at 190–192, 195, 197–199).

Although some objective medical evidence may support Ms. Carroll's subjective complaints of pain, as explained above, other evidence that the ALJ relied on does not corroborate Ms. Carroll's testimony. Therefore, the court will not disturb the ALJ's clearly articulated reasons for finding that Ms. Carroll's allegations of disabling pain are not entirely consistent with the evidence of record. *See Winschel*, 631 F.3d at 1178 (explaining that the court cannot reweigh the evidence or substitute its judgment of that of the ALJ); *Crawford*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (holding that the court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings") (quotation marks omitted).

## V. CONCLUSION

For the reasons explained above, the court concludes that substantial evidence supports the ALJ's denial of Ms. Carroll's applications for a period of disability, disability insurance benefits, and supplemental security income. Therefore, the court **WILL AFFIRM** the Commissioner's decision.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this December 29, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE